[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Gerald Klein, Esq., For Petitioner
John M. Bailey, Esq., State's Attorney for Hartford County
BY THE DIVISION
Petitioner was charged with the following crimes:
 1. Burglary in the first degree in violation of Conn. Gen. Stat. 53a-101 (a)(1).
 2. Conspiracy to Commit Burglary in the first degree in violation of Conn. Gen. Stat. 53a-101 (a)(1), 53a-48.
 3. Kidnapping in the first degree in violation of Conn. Gen. Stat. 53a-92 (a)(2)(B).
 4. Conspiracy to Commit Kidnapping in the first degree in violation of Conn. Gen. Stat. 53a-92 (a)(2)(B), 53a-48.
 5. Sexual Assault in the first degree in violation of Conn. Gen. Stat. 53a-70 (a).
 6. Conspiracy to Commit Sexual Assault in the first degree in violation of Conn. Gen. Stat. 53a-70 (a), 53a-48.
7. Robbery in the first degree in violation of Conn. Gen. CT Page 1079 Stat. 53a-134 (a)(3).
 8. Conspiracy to Commit Robbery in the first degree in violation of Conn. Gen. Stat. 53a-134 (a)(3).
 9. Larceny in the first degree in violation of Conn. Gen. Stat. 53a-122 (a)(3).
 10. Conspiracy to Commit Larceny in the first degree in violation of Conn. Gen. Stat. 53a-122 (a)(3), 53a-48.
 11. Larceny in the second degree in violation of Conn. Gen. Stat. 53a-123 (a)(2), 53a-8.
 12. Conspiracy to Commit Larceny in the second degree in violation of Conn. Gen. Stat. 53a-123 (a)(2), 53a-48.
During a jury trial, petitioner withdrew his not guilty plea and admitted his guilt to each of the twelve counts of the long-form information. At the time of sentencing, the court imposed a sentence of sixty years.
At the hearing before this division, petitioner claimed his sentence of sixty years is disproportionate when compared to the fact that his co-accused received only twenty years for his actions in this sordid crime. An examination of the record shows that petitioner's attorney, at the time of sentencing, was aware of the co-accused's sentence. He argued vigorously before the sentencing court to impose a sentence that was similar in length to the co-accused.
In pronouncing the sentence of the petitioner, the record indicates that the judge took great care to indicate his reasons for the length of the sentence. The court, after listening to the testimony of the victims, identified the petitioner as "the leader in the perpetration of the various crimes." The court also distinguished the original pleas of the co-accused to the late and reluctant pleas of the petitioner. The record also indicates the court took into account that the victim had to testify in a public forum before the pleas were forthcoming. Lastly, the sentencing court noted very little remorse by the petitioner, and that neither past short period of incarcerations or probation have deterred the petitioner from a life of crime.
In reviewing the sentence imposed, it cannot be found that the time imposed is inappropriate or disproportionate considering the ugly and grievous harm inflicted by the petitioner upon the victims. At sentencing the court balanced the nature of the offenses, the character of the petitioner, and the need for protection of the public from the petitioner. CT Page 1080
The sentence is affirmed.
Norko, J. Barry, J. Purtill, J.